The Judges observed, that this was a new case in this country, which presented itself fdr their consideration, as no case had hitherto occurred in which the joint-tenants or tenants in common had not all joined in the action, or in which a division or partition of the lands had not been made, so that each individual could prove with sufficient certainty the part or share he was entitled to. In this case, however, the plaintiff sues for the whole, and proves on the trial that he is entitled only to one undivided third. Upon Shis ground the nonsuit was moved for and granted. As to the regularity of calling for the nonsuit, the judges had n<> *460 doubt about it; as the plaintiff had not stated himself to Le either joint-tenant or tenant in common in his writ or decía-ration, the defendant could not have pleaded in abatement. If such a plea had been put in, it would have been a plea to • a matter dehors the record. Upon this point, therefore, if the subject matter itself had been a good ground for a non-suit, it was made at the proper stage of the cause, and could not have been made or taken advantage of in any other way, or at any other time.
As to the action itself, it appears to be a plain and reasonable one, that the plaintiff should recover agreeably to the extent of his right; and if he demanded more than he was entitled to, that was no reason why he should not recover what he had a right to. Every day’s experience proves, that in our courts, parties in all kinds of suits are in the constant practice of recovering less than they demand in all' personal actions, though they cannot possibly recover more. So, in actions for real property, if a man demand forty acres, he may recover twenty, or any less quantity, according to his right and title. And, in like manner, if a man sue for the half or moiety of a tract of land, he may recover a third, fourth, or sixth part. So also, if he sue for the whole, and only prove himself entitled to one third, he may recover that third. The principle seems to be well established in the books. The case of Abbott v. Skinner, in X Sid. 229. is strong in point as to the recovery of less than the demand, and the doctrine is confirmed in the case of Denn v. Purvis, 1 Burr. 329.
There is no necessity that the verdict should agree precisely with the declaration. All that is necessary is, that the thing for which the verdict is given should be comprised in, andform apart of the thing demanded. The verdict may be for whatever the party can prove a right to, and the judgment may be so moulded on it as to meet the substantial justice of the case. 3 Bulst, 184. And although the sheriff cannot give possession of any particular part, it establishes the right of the party to a share, which, *461 when divided and laid off, may be delivered to him by the , . ~ shcriix*
Rule for setting aside the nonsuit made absolute*
AH the Judges present.
Mr. BRevaud gave no opinion, having been concerned for the plaintiff in the case when at the bar.